*413 OPINION.
Ivins:
The parties have agreed that if the Commissioner finds, after investigation in his office, that the Ritz-Carlton Hotel Co., Ltd., of Canada, is a foreign corporation, receiving no part of its income from sources within the United States, the $2,500 in stock of that company held by the taxpayer will be restored to the taxpayer’s invested capital.
The taxpayer claims that the good will paid in for $200,000 par value of its stock at organization in 1900 had a value of $212,949.60, but it arrives at this figure through the process of capitalizing earning power in excess of 10 per cent per annum on tangibles during five years subsequent to organization. While earnings subsequent to organization may sometimes constitute corroborative evidence lending support to an appraisal made by reference to facts known or reasonable expectations entertained contemporaneously with or prior to organization, they can not, of themselves, prove value at the time of organization.
There is no evidence of the earning power of the taxpayer’s predecessor nor anything more than the payment of $200,000 in stock, to establish the true value of the good will acquired by the taxpayer on July 26, 1900.
The Commissioner has allowed the taxpayer a credit .in invested capital for good will of $50,500. This is-approximately the difference between the entire amount paid in, in cash in July, 1900, and the value of the stock based on a sale of 2,495 shares for $100,000, four months later, November 1, 1900. The sale in 1900 was not an arm’s length transaction and the stock sold may have been worth considerably more than the $100,000 agreed to be paid for it, but the taxpayer has adduced no evidence of that value. We can find nothing in the record upon which to justify allowance of a greater credit on account of good will paid in for stock than that allowed by the Commissioner.
The taxpayer adduced no evidence justifying its attempt to allocate a portion of the $37,500 payment in 1905 to good will. There was, it is admitted, no specific allocation, either in the contract or on the taxpayer’s books of any part of the amount paid, to good will. We do not believe that such an allocation can now be made, especially in view of the circumstances surrounding the payment.
On reference to the Board, ARundell took no part in the consideration.